```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

| | |
|---|---|
| VINCENT LUISI,<br><br>                        Plaintiff,<br>      v.<br><br>AMAZON.COM SERVICES, LLC, et al.,<br><br>                       Defendants. | Civil No. 24-763 (KMW/MJS) |

## SCHEDULING ORDER

      This Scheduling Order confirms the directives given to counsel at the scheduling conference pursuant to Rule 16, Federal Rules of Civil Procedure on May 1, 2024 as well as the provisions that shall be followed in all civil cases pending before Magistrate Judge Skahill; and the Court noting the following appearances at the scheduling conference: Jacquelyn Matchett, Esquire appearing for plaintiff; Marlie Blaise, Esquire appearing on behalf of the defendant; and for good cause shown:

      It is this **3rd** day of **May 2024**, hereby **ORDERED**:

      1.   The parties shall make Fed. R. Civ. P. 26(a) disclosures on or before **May 3, 2024.**

      2.   By **May 17, 2024,** the parties shall forward a joint letter to the Court stating that they have conferred pursuant to Local Civil Rules 26.1(b)(2) and 26.1(d) concerning discovery of digital information and advise whether the parties have agreed on computer-based and other digital discovery matters. No issue will be addressed unless the parties comply with Local Civil Rule 37.1(a)(1).

      3.   Initial written discovery requests shall be served by **May 17, 2024.** Any responses, answers and objections to initial written discovery requests shall be served in accordance with Court Rules.

      4.   By **May 17, 2024,** the parties shall serve the Court with an agreed upon Discovery Confidentiality Order that complies with

Local Civil Rule 5.3 or a copy of the latest version of the Order with a list of the issues in dispute. Unless good cause is shown, the parties shall use the form included as Appendix S to the Local Civil Rules of Procedure. If the submitted version differs from Appendix S, the parties must submit (1) a clean version of the proposed order that is ready for signature, and (2) an additional version that shall indicate in what respect(s) it differs from Appendix S by bracketing or striking through materials to be deleted and underlining materials to be added.

   5.   The time within which to seek amendments to the pleadings or to add new parties will expire on **July 12, 2024**. Except as otherwise permitted in the Federal and Local Rules of Civil Procedure, leave of court is necessary to file an amended pleading. Counsel shall comply with amended L. Civ. R. 15.1 which requires motions to amend to state whether the motion is opposed. Counsel shall meet and confer in-person or by phone about the issue. Counsel shall also attach to their motion a form of the proposed amended pleading that indicates in what respect(s) it differs from the pleading it proposes to amend.  If a party seeks to file a motion to amend after the deadline set in the Scheduling Order, that party must show good cause why the amendment could not have been sought earlier.

   6.   Pretrial factual discovery will expire on **December 13, 2024**.  All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, before the expiration of pretrial factual discovery.

   7.   Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention.  <u>See</u> Local Civil Rule 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in-person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.  Should such informal effort fail to resolve the dispute:

       a. The party seeking the discovery shall submit, via ECF, a letter not to exceed ten (10) double-spaced pages, that sets forth: (1) a specific description of the discovery sought; (2) the relevance of the discovery; (3) an explanation of the parties' efforts to meet

2

      and confer to resolve the dispute; and (4) any appropriate legal argument.

  b. The party opposing the request may submit within seven (7) calendar days, a letter, via ECF, in response that shall not exceed ten (10) double-spaced pages setting forth any factual considerations and legal argument. <u>Failure to respond within seven days of the filing of the initial letter will be deemed a waiver of any objection to the discovery requests(s)</u>.

  c. No further submissions regarding the dispute may be submitted without leave of the Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take a position on the discovery issue(s) in dispute. The parties should promptly bring any unresolved issue to the Court's attention and should not wait until the close of discovery to address a dispute.

No discovery motion or motions for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth above without prior leave of the Court.

8. All depositions are to be conducted in accordance with the procedures set forth in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

9. The deadline for all expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiff to be served upon counsel for defendant is **deferred**. The deadline for all expert reports and expert disclosures pursuant to Fed. R. CIV. P. 26(a)(2) on behalf of defendant to be served upon counsel for plaintiff is also **deferred**. Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed. Depositions of proposed expert witnesses shall be **deferred**.

For purposes of this scheduling order, if applicable,

3

treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirements of Fed. R. Civ. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. Evid. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

10. Any required statement concerning the disclosure of third-party litigation funding, as set forth in Local Civil Rule 7.1.1 (eff. June 21, 2021), shall be filed by **May 12, 2024**. Local Civil Rule 7.1.1 does not require the filing of a negative statement to the effect that no third-party funding exists in the case.

11. Dispositive motions shall be filed with the Clerk of the Court in accordance with the applicable Federal and Local Rules of Civil Procedure. Opposition to the motion shall be served in a timely fashion. Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1, and 78.1 (Motion Practice – Generally). This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge. The deadline for dispositive motions is **deferred** at this time.

12. The Court will conduct a telephone status conference on **July 30, 2024 at 10:00 a.m**. All counsel shall dial **1-856-210-8988, Access Code: 788 488 507#** to connect to the call. Any discovery dispute shall be brought to the Court's attention in a timely fashion and no later than seven days prior to the scheduled conference.[1] All outstanding discovery issues not raised shall be deemed waived.

---

[1] The parties should follow the letter application procedure set forth in this Order in the event of any unresolved discovery disputes and should not wait until the close of discovery to bring any issues to the Court's attention. Unless good cause exists, the party seeking discovery shall raise any issue sufficiently in advance of this conference so that the responding party may submit a letter at least seven days prior to the conference.

13. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the Court and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under F<small>ED</small>. R. C<small>IV</small>. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown. All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER F**ED**. R. C**IV**. P. 16(f).**

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:  Honorable Karen M. Williams
     United States District Judge